UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ORLANDO RAMIREZ and WILLEBALDO CASTRO      Case No:
On Behalf of Themselves and All Others Similarly
Situated,

                        Plaintiffs,               **COLLECTIVE ACTION**
         -vs.-                                   **COMPLAINT**
                                                **WITH JURY DEMAND**

JO CAT BAKERY CORP. D/B/A CATANIA BAKERY,
JOSEPH CATANIA AND ROSAMARIA CATANIA,

                        Defendants.
------------------------------------------------------------------X

        Plaintiffs ORLANDO RAMIREZ (hereinafter "Ramirez") and WILLEBALDO CASTRO

(hereinafter "Castro") on behalf of themselves and all others similarly situated (collectively as

"FLSA Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM

CAFARO, as and for their Complaint against JO CAT BAKERY CORP. d/b/a CATANIA

BAKERY, (hereinafter "Catania Bakery"), JOSEPH CATANIA (hereinafter "Mr. Catania") and

ROSAMARIA CATANIA (hereinafter "Mrs. Catania") (together as Defendants"), allege upon

knowledge as to themselves and his own actions and upon information and belief as to all other

matters as follows:

## NATURE OF CASE

       1.      This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the minimum wage

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum

wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the

overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (iv) the overtime

1

provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs

("NYCCRR"); (v) the spread of hours requirement under the NYLL, Article 19, § § 650 et seq.,

and NYCCRR; (vi) the requirement that employers furnish employees with wage statements on

each payday containing specific categories of information under the NYLL § 195(3); (vii) the

requirement that employers furnish employees with a wage notice at the time of hiring containing

specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can

be inferred from the facts set forth herein.

2.      Plaintiffs worked for Defendants - - a bakery and its owners/managers.  Throughout

their employment, Defendants required Plaintiffs to work, and Plaintiffs did work, more than forty

hours per week.  However, Defendants failed to pay Plaintiffs at the statutory minimum wage or

pay them at the overtime rate of pay of one and one-half times their regular rate of pay for each

hour that Plaintiffs worked per week in excess of forty, as the FLSA and the NYLL require.

Furthermore, Defendants dialed to pay Plaintiffs for their spread of hours in violation of the NYLL.

Lastly, Defendants failed to furnish Plaintiffs with accurate and/or any wage statements on each

payday as the NYLL requires or provide Plaintiffs with a wage notice containing the criteria

enumerated under the NYLL.

3.      Defendants paid and treated of all their non-managerial employees who worked for

them in the same manner.

4.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action

provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf

of all other persons similarly-situated during the applicable FLSA limitations period who suffered

damages as a result of Defendants' willful violations of the FLSA.

## JURISDICTION AND VENUE

5.      Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this

action arises under 29 U.S.C. § 201, *et seq*.  Plaintiffs further invoke the supplemental jurisdiction

of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court

for claims arising under New York law.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions

comprising the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times, Plaintiff Ramirez is a resident of the State of New York,

resides in Queens County, and was an "employee" entitled to protection as defined by the FLSA,

the NYLL, and the NYCCRR.

8.      At all relevant times, Plaintiff Castro is a resident of the State of New York, resides

in Queens County, and was an "employee" entitled to protection as defined by the FLSA, the

NYLL, and the NYCCRR.

9.      At all relevant times herein, Catania Bakery was and is a domestic business

corporation with its principal place of business located at 487 Harman Street, Brooklyn, NY 11237.

3

10.     At all relevant times herein, Defendant Mr. Catania was a resident of the State of New York and had an actual place of business located at 487 Harman Street, Brooklyn, NY 11237.

11.     At all relevant times herein, upon information and belief, Defendant Mr. Catania was one of the presidents and/or owner and/or day-to-day overseer of Catania Bakery.

12.     At all relevant times herein Defendant Mrs. Catania was a resident of the State of New York and had an actual place of business located at 487 Harman Street, Brooklyn, NY 11237.

13.     At all relevant times herein, upon information and belief Defendant Mrs. Catania was one of the presidents and/or owner and/or day-to-day overseer of Catania Bakery.

14.     Upon information and belief, Defendant Mrs. Catania signed documents with the New York State Department of State in which she is listed as the Chief Executive Officer of Catania Bakery.

15.     At all relevant times herein, Defendants were "employers" within the meaning of the FLSA, NYLL, and the NYCCRR.

16.     Upon information and belief, for the calendar year 2017 the gross receipts of Catania Bakery were not less than $500,000.00.

17.    Upon information and belief, for the calendar year 2018 the gross receipts of Catania Bakery were not less than $500,000.00.

18.    Upon information and belief, for the calendar year 2019 the gross receipts of Catania Bakery were not less than $500,000.00.

19.    Upon information and belief, for the calendar year 2020 the gross receipts of Catania Bakery will not be less than $500,000.00.

20.    Defendants were engaged in interstate commerce within the meaning of the FLSA as they used supplies in the course of business, such as pots, pans, forks, spoons, knives, trays and bowls, much of which originated in states other than New York the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Moreover, the Defendants routinely accepted credit card payments from customers.

21.    Furthermore, all of Defendants' employees, including Plaintiffs and the FLSA Plaintiffs were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

22.    Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the

applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

23.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were not paid minimum wage; (5) were required to work in excess of forty hours each workweek; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

24.     At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA

## BACKGROUND FACTS

25.     Defendants own and operate a bakery in Brooklyn.

26.     At all relevant times, Defendants Mr. Catania and Mrs. Catania were the owners and day-to-day overseers of Catania Bakery who in that capacity were responsible for hiring and firing employees, determining their rates and methods of pay and the hours that employees were required to work.

27.     Plaintiff Ramirez worked for Defendants from in or about in or about September 9, 1994 through April 17, 2019.

28.     Throughout his employment, Plaintiff Ramirez's job consisted of preparing food, baking food and cleaning Catania Bakery.

29.     From the beginning of the statutory period until on or about December 31, 2018, Defendants required Plaintiff Ramirez to work– and he did in fact work – Mondays through Sundays, inclusive, from 7:00 A.M. to 5:00 P.M.

30.     From on or about January 1, 2019 until on or about April 17, 2019, Defendants required Plaintiff Ramirez to work– and he did in fact work –alternating days ranging from four days per work week to seven days per work week, his daily hours would be from 7:00 A.M. to 5:00 P.M.

31.     Throughout his employment Defendants paid Plaintiff Ramirez a fixed weekly salary.

32.     From the beginning of the statutory period until on or about December 31, 2018, Plaintiff Ramirez was paid $830.00 per work week which was intended to cover the first forty hours that he worked each week.

33.     From on or about January 1, 2019 until her termination, Plaintiff Ramirez was paid $730.00 if he worked six days per work week, $630.00 if he worked five days per work week, and $530.00  if he worked four days per work week.

34.     Plaintiff Castro worked for Defendants from in or about in or about the year 2006 through to on or about April 17, 2019.

35.     Throughout his employment, Plaintiff Castro's job consisted of preparing food, baking food and cleaning Catania Bakery.

36.     From the beginning of the statutory period until on or about December 31, 2018, Defendants required Plaintiff Castro to work– and he did in fact work – Mondays through Sundays, inclusive, from 7:00 A.M. to 5:00 P.M.

37.     From on or about January 1, 2019 until on or about April 17, 2019, Defendants required Plaintiff Castro to work– and he did in fact work –alternating days ranging from five days per work week to seven days per work week, his daily hours would be from 7:00 A.M. to 5:00 P.M.

38.     Throughout his employment Defendants paid Plaintiff Castro a fixed weekly salary.

39.    From the beginning of the statutory period until on or about December 31, 2018, Plaintiff Castro was paid $830.00 per work week which was intended to cover the first forty hours that he worked each week.

40.    From on or about January 1, 2019 until her termination, Plaintiff Castro was paid $830.00 if he worked seven days per week, $730.00 if he worked six days per work week, and $630.00 if he worked five days per work week.

41.    Defendants paid the Plaintiffs in cash.

42.    Through their employment, Defendants suffered or permitted Plaintiffs to work over 10 hours per day.  During such workdays, Defendants failed to compensate Plaintiffs for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

43.    Throughout their entire employment, Defendants paid Plaintiffs on a weekly basis, without providing them with any wage statements that reflected the amount of hours that they worked, their regular rates of pay or their overtime rates of pay for each hour they worked in excess of forty hours in a given workweek.

44.    Defendants intentionally did not provide Plaintiffs with a wage notice at the time of their hire, or at any time thereafter, containing any of the following information: their rates of pay and basis thereof; whether Plaintiffs were paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name

and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

45.    Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

46.    Every hour that Plaintiffs worked was for Defendants' benefit.

47.    Defendants treated all FLSA Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the FLSA*

48.    Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiffs and the FLSA Plaintiffs.

50.    Defendants have failed to pay the proper statutory minimum wage to which Plaintiffs and the FLSA Plaintiffs have been entitled under the FLSA.

51.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Plaintiffs.

52.     As Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendants' violations of the FLSA, the Plaintiffs and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the NYLL*

54.     The Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55.     At all times herein pertinent, the Plaintiff and any FLSA Plaintiff who opts-in to this action were employees of Defendants within the meaning of the New York Labor Law.

56.     Defendants are employers of the Plaintiff and any FLSA Plaintiff who opts-in to this action within the meaning of the New York Labor Law.

57.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

58.     Defendants have failed to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action the proper minimum wages to which they were entitled under the New York Labor Law.

59.     By Defendants' failure to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week,

they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting

New York State Department of Labor Regulations.

60.     Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA

Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid minimum

wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment

and post-judgment interest.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

61.     Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs

of this complaint with the same force and effect as if fully set forth at length.

62.     Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an

overtime premium of one and one-half times their regular rate of pay for all hours worked over

forty (40) in a given workweek.

63.     As described above, Defendants are employers within the meaning of the FLSA,

while Plaintiffs and the FLSA Plaintiffs are employees within the meaning of the FLSA.

64.     As also described above, Plaintiffs and the FLSA Plaintiffs worked in excess of

forty (40) hours per week, yet Defendants failed to compensate them in accordance with the

FLSA's overtime provisions.

65.     The Defendants willfully violated the FLSA.

66.     As such, Plaintiffs and the FLSA Plaintiffs are entitled to overtime pay for all hours

worked per week in excess of forty (40) at the rate of one and one-half times their respective

standard rate of pay.

67.     Plaintiffs and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

68.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Unpaid Overtime under the NYLL

69.     Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

70.     Defendants were required to directly pay the Plaintiff and any FLSA Plaintiff who opts-in to this action an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

71.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

72.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

73.     Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Pay Spread of Hours*

74.     Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

75.     Defendants have willfully failed to pay Plaintiff and any FLSA Plaintiff who opts-in to this action additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

76.     Through their knowing or intentional failure to pay Plaintiff and any FLSA Plaintiff who opts-in to this action spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

77.     Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### **SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Wage Statements in Violation of the NYLL*

78.     Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

80.     As described above, the Defendants willfully failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with accurate wage statements containing the criteria required under the NYLL.

81.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action for each workweek after the violation occurred, up to the statutory cap of $2,500.

82.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.


### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

83.     Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

84.     The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

85.     Each Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

86.    Defendants willfully failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action with a wage notice containing the criteria enumerated under the NYLL.

87.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

88.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

89.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and FLSA Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

16

      d.        Designation of this action as a FLSA collective action on behalf of Plaintiffs and

FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and

tolling of the statute of limitations;

      e.        All damages that Plaintiffs and FLSA Plaintiffs have sustained as a result of the

Defendants' conduct, including all unpaid wages and any short fall between wages paid and those

due under the law that Plaintiff would have received but for the Defendants' unlawful payment

practices;

      f.        Liquidated damages and any other statutory penalties as recoverable under the

FLSA and NYLL;

      g.        Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred

regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

      h.        Designation of Plaintiff and his counsel as collective action representatives under

the FLSA and the FRCP;

      i.        Pre-judgment and post-judgment interest, as provided by law; and

      j.        Granting Plaintiff other and further relief as this Court finds necessary and proper.


Dated:  New York, New York
       October 5, 2020


                       Respectfully submitted,
                       LAW OFFICES OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq. (AK0822)
*Attorneys for Plaintiffs*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com