| | | |
|---|---|---|
| *William Cafaro, Esq.*<br>*Partner*<br>ADMITTED IN NY, CA, MD & TX<br>Email: bcafaro@cafaroesq.com<br><br>*Amit Kumar, Esq.*<br>*Managing Attorney*<br>ADMITTED IN NY & NJ<br>Email: akumar@cafaroesq.com<br><br>*Andrew S. Buzin, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY, FL & DC | <br>**LAW OFFICES OF**<br>**WILLIAM CAFARO**<br><br>108 West 39th Street, Suite 602<br>New York, New York 10018<br>Telephone: 212.583.7400<br>Facsimile: 212.583.7401<br>*www.cafaroesq.com* | *Louis M. Leon, Esq.*<br>*Associate*<br>ADMITTED IN NY<br>Email: lleon@cafaroesq.com<br><br>*Matthew S. Blum, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY<br>Email: mblum@cafaroesq.com |

August 17, 2022

***Via ECF***
Hon. Marcia Henry, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                      Re:    Ramirez et al v. Jo Cat Bakery Corp. et al
                              Case No.: 20-cv-4792 (RPK)

Your Honor:

      This office represents the Plaintiffs in the above referenced action. We write in compliance with the Court's Order dated August 4, 2022, directing the undersigned to provide: (1) the applicable retainer agreements in this action along with any translated copies, and (2) a chart quantifying their damage calculations.

      Enclosed as **Exhibit 1** is the retainer agreement signed by the Plaintiffs in this action. Both Plaintiffs are native Spanish speakers and have difficulty understanding written English. As such the original retainer agreement is in Spanish. To aid the Court in its review of the agreement, a translated copy of the retainer agreement is enclosed as **Exhibit 2**.

      Regarding Plaintiffs' damages, Plaintiffs' recollections are that they worked between 70 and 84 hours per week. However, Defendants disputed the Plaintiffs' recollections concerning the number of hours they worked by producing hundreds of pages of records including weekly payroll logs and timecards. Although Plaintiffs disputed the veracity of the Defendants' records, for the purposes of settlement only, the Plaintiffs agreed that they should be considered when computing damages. As such, for the purposes of settlement only, the Plaintiffs used the Defendants' records to get an average number of hours worked. Using these records, the Plaintiffs' averaged working 50 hours per week[1]. Using the average of 50 hours per week and using Plaintiffs' recollections of being paid $830.00 per week (which is disputed by the Defendants), Plaintiffs are owed $74,700.00 in wages[2]. Therefore, the settlement of $100,000.00, the Plaintiffs are recovering **66.93%** of the likely

---

[1] The Defendants' records and the Plaintiffs' recollections confirm that they worked the same schedule throughout the statutory period.
[2] The Parties original fairness submission accidentally stated that each Plaintiff was owed $74,250.00 in wages using the method described in this letter. We apologize for this error.

value of the wages owed. *See*, **Exhibit 3** (Damage assessment of each Plaintiff based on them working 50 hours per week and being paid $830.00 per week on a salary basis).

  The Court should also be aware that since the Plaintiffs signed the settlement agreement in February 2022, they have called this office approximately twice a month reaffirming their wish to settle the matter under the terms described in the agreement.

  For the reasons set forth above, as well as well as the reasons in the Parties request for approval, we request the Court approve the Settlement Agreement as fair and reasonable.

           Respectfully submitted,
           LAW OFFICES OF WILLIAM CAFARO

           _____
           By Amit Kumar, Esq. (AK 0822)
             *Attorneys for Plaintiffs*
             108 West 39th Street, Suite 602
             New York, New York 10018
             (212) 583-7400
             Akumar@CafaroEsq.com

CC:

All Counsel of Record (via ECF)